BESSIE MAY BROWN *v.* ROBERT E. BROWN.

(*Nashville,* December Term, 1929.)

Opinion filed June 6, 1930.

Bowen & Bowen, for plaintiff in error.

E. N. Rogers and Child, Ailor & Crawford, for defendant in error.

Mr. Chief Justice Green delivered the opinion of the Court.

This suit was brought by Robert E. Brown to obtain a divorce from his wife, Bessie M. Brown, on the ground of adultery. A divorce was granted to him by the Juvenile and Domestic Relations Court of Knox County and that court decreed to him certain real estate which he and the wife had owned as tenants by the entirety. The wife filed the record for writ of error questioning the decree below only as it undertook to give the husband the property that had been owned by both of them as tenants by the entirety. The Court of Appeals reversed the decree of the lower court and vested title to the land in the two as tenants in common. We think the Court of Appeals was right.

Under chapter 126 of the Acts of 1919 a married woman owns and controls her property as a *femme sole*. That Act does, however, preserve tenancy by the entirety and the husband's right of curtesy.

This husband, therefore, had no interest in this wife's property, real or personal, except an interest as a tenant by the entirety in the property so held by them.

Section 4225, Thompson's-Shannon's Code, relied on by the husband, is as follows:

"When a marriage is dissolved at the suit of the husband, and the defendant is owner, in her own right, of lands, his right to, and interest therein, and to the rents and profits of the same, shall not be taken away or impaired by the dissolution, but the same shall remain to him as though the marriage had continued. And he shall also be entitled to her personal estate in possession or in action, and may sue for and recover the same in his own name."

This section of the Code does not touch the present case. It does not appear that the wife herein owned any lands in her own right and if she had, under the Act of 1919, the husband had no rights in the same, nor interest therein, nor any right or interest to the rents and profits thereof.

An estate by the entirety is converted into an estate in common by the divorce of husband and wife owning such an estate. *Hopson* v. *Fowlkes,* 92 Tenn., 697. Such is the weight of authority. *Bernatavicius* v. *Bernatavicius* (Mass.), 52 A. L. R., 886. See cases collected in Note 52 A. L. R., 890.

It accordingly follows that any right or interest the husband had in this land, or in the rents and profits thereof, was based on the tenancy by the entirety. When the tenancy by the entirety was converted into a tenancy in common at the suit of the husband, the only right and interest remaining to him in the property was such right and interest as any other tenant in common enjoys. That is to say Mr. Brown had no rights in the interest of Mrs. Brown in this land after the divorce—no rights in her

interest to be preserved to him under section 4225, Thompson's-Shannon's Code, above quoted.

There is no provision in our law for decreeing alimony to the husband upon a divorce granted to him.

Other questions are satisfactorily disposed of in the opinion of the Court of Appeals and the petition for *certiorari* is denied.