DAWSON v. DAWSON.—135 S. W. (2d), 458.

Middle Section.    October 28, 1939.

Petition for Certiorari denied by Supreme Court, January 20, 1940.

W. B. Williams, of Lebanon, for appellant.
Hugh Hailey, of Carthage, for appellee.

FAW, P. J.  This case is here upon the appeal of A. J. Dawson from a judgment of the Circuit Court of Smith County against him and in favor of Mrs. Effie Dawson for the sum of $53, and a further judgment of said Court ordering him (said A. J. Dawson) to pay the sum of $20 to the Circuit Court Clerk of Smith County, Tennessee, in each month, and not later than the 10th day of each month, beginning in the month of May, 1939, and directing said clerk to pay said sums, when paid into his hands, to Mrs. Effie Dawson, for the support and maintenance of Margaret Ann Dawson, the infant daughter of said A. J. Dawson and Effie Dawson.

A motion for a new trial on behalf of A. J. Dawson was made and overruled below, and the evidence heard by the trial court was preserved by a bill of exceptions duly authenticated and seasonably filed, and the appellant, A. J. Dawson, perfected his appeal by filing, in due season, the oath prescribed for poor persons.

It appears that, on July 14, 1938, the present appellee, Mrs. Effie Dawson, by bill or petition in the Circuit Court of Smith County, sued her then husband, the present appellant, for an absolute divorce and alimony; that said A. J. Dawson made no defense to said suit and a judgment pro confesso was taken and entered against him; that, on August 8, 1938, the cause was heard on the record and the "proof of witnesses introduced on oath in open court", and the Court found that defendant A. J. Dawson was "guilty of such cruel and inhuman treatment toward his wife, Effie Dawson, as renders it unsafe and improper for her to cohabit with him and be under his dominion and control," and the Court "therefore ordered, adjudged, and decreed that the bonds of matrimony subsisting between the complainant, Effie Dawson, and the defendant, A. J. Dawson, be, and the same are hereby, forever dissolved and the complainant is restored to all the rights and privileges of an unmarried person."

There were also adjudications in said judgment or decree with respect to alimony, which may be better understood by first stating certain allegations of complainant's original bill or petition for divorce, etc.

It is alleged in said original bill that it was the third bill which complainant had filed against defendant to obtain a divorce from him;

that complainant was induced by defendant's "fair promises" and "renewed assurances of his love for complainant" to resume the relation of husband and wife with him, and to withdraw the first of said divorce suits; that "on the filation of her second divorce bill, she (complainant) was persuaded again by the promises, as aforesaid, of her said husband to go back to him, which she did again, and dismissed her bill, but only after her said husband had, as evidence of his good faith, entered into and executed a bond for the sum of one thousand dollars, with Mrs. S. S. Dawson and H. C. Kent as sureties on said bond, conditioned that the said A. J. Dawson would faithfully perform and abide by his promises to her, and in the event that he give her further grounds for divorce within a year from the date of the execution of said bond, said bond was to become payable;" and said bond was copied into complainant's bill as follows:

"Whereas, Mrs. Effie Dawson on the 28th day of September, 1937, filed a bill for divorce in the Circuit Court of Smith County, Tennessee, against her husband, A. J. Dawson, charging cruel and inhuman treatment, etc., and,

"Whereas, The said A. J. Dawson has acknowledged that he has done wrong and the said Effie Dawson has forgiven him and agreed to return to her husband and live with him as his wife and abandon and withdraw the aforesaid divorce proceeding, and,

"Whereas, the said A. J. Dawson for and in the consideration that the said Effie Dawson abandon and relinquish her rights for divorce at this date and return to him as his wife has made the following bond: A. J. Dawson and his sureties hereto acknowledge themselves indebted to Mrs. Effie Dawson in the sum of One Thousand ($1,000.00) Dollars, if the said A. J. Dawson should within the next twelve months from this date cause new grounds for divorce between him and his said wife, Effie Dawson, and she get a divorce thereon, or otherwise this bond is to be null and void. In the event that this bond of One Thousand ($1,000.00) Dollars, should be paid to the said Mrs. Effie Dawson, it is agreed that it will be a complete property settlement between her and the said A. J. Dawson and in bar to all alimony and an attorney fee, etc.

"Signed in duplicate this the 23rd day of October, 1937.

"Mrs. A. J. Dawson

"A. J. Dawson,
Principal

"Mrs. S. S. Dawson,
Surety for A. J.
Dawson.

"Surety for A. J.
Dawson, H. C.
Kent."

Complainant (the appellee here) alleged further in her said original bill that defendant A. J. Dawson had violated his marriage vows and given her new causes for divorce since the execution of said bond (which "new causes for divorce" are specifically alleged in the bill); that "complainant is also advised that said sum of one thousand dollars is a fair and equitable arrangement of alimony for her, in the circumstances of this case, unless it develops later that she will become a mother. She asks the Court to approve of this settlement for alimony for her, saying that she will be satisfied therewith, unless it develops that she is pregnant, in which case she will of course ask the Court for support of said child;" that "the condition of said bond has been broken and that the same is now due and collectible, and she seeks at this time a judgment on said bond as against A. J. Dawson, for the sum thereof and the costs of this case."

In addition to her prayers for process, an absolute divorce, etc., the complainant prayed "that the contract or bond for one thousand dollars be declared a fair and just settlement and approved by the Court as alimony for her, and that if it appears that she is to become a mother, let her have an amount in addition to the above for support and maintenance of their infant child;" that she "have and recover from the defendant, A. J. Dawson, the sum of one thousand dollars, according to the tenor of said bond."

In the aforesaid decree granting the divorce the Circuit Court further found, adjudged and decreed as follows:

"It appears to the Court that the contract and bond filed as Exhibit 'A' in this cause to the rights of complainant for alimony, etc. it is a just and fair settlement of same, and the Court therefore approves of said settlement. It is therefore ordered, adjudged and decreed that the complainant have and recover of the defendant, A. J. Dawson, on said bond the sum of One Thousand ($1,000.00) Dollars, in full settlement of alimony for herself.

"Thereupon came into Court the Honorable A. A. Adams, Jr., and paid the said sum of One Thousand ($1,000.00) Dollars on behalf of said A. J. Dawson and in his stead.

"It is therefore agreed by the complainant and the defendant, and it (is) so ordered and approved by the Court that the said A. A. Adams, Jr., be subrogated to the rights of the complainant and defendant to the extent of said debt.

"Now, it further appears to the Court that the Complainant is about to become a mother and the Court is of the opinion that the cause should be and is hereby retained in Court for such further orders as the Court may from time to time see fit to enter with respect to the support and maintenance of said child, including doctor bills, hospital fees, etc., and either party to this suit may apply by petition in this Court for relief with respect (to) support of said child, etc., upon notice by subpoena or publication as by law provided to the opposite party.

"The complainant will pay the costs of this cause including fifty dollars each to L. A. Ligon and Hugh Hailey, her solicitors of record, and a lien is hereby declared on said Thousand Dollars to secure said fees."

On February 17, 1939, the present appellee, Mrs. Effie Dawson, filed a petition in the aforesaid cause in which she alleged, among other things, that an infant daughter, Margaret Ann Dawson, was born to her and the defendant A. J. Dawson on November 21, 1938, and since that time "petitioner has had to pay out for said child, including doctors' bills, medicines etc., the sum of $53.00, and is likely to have to pay out more therefor."

It is also alleged in said petition that petitioner is seeking an order of the Court to require defendant to pay her a regularly stipulated sum for the maintenance and support of said child, and petitioner alleged that "she is informed that $15 per month is a reasonable allowance, inasmuch as she has all the burden of caring for the child on her shoulders."

Petitioner also prays for "a decree awarding her temporary custody of said child," but with "leave for the defendant to see said child at all regular and reasonable times."

In said petition, reference is made to the aforesaid decree or judgment of August 8, 1938, and particularly to that part of said decree whereby the cause was "retained in court for further orders" in the event the complainant should "become a mother" etc.

The defendant filed a plea in abatement, averring that, for reasons stated in the plea, the Court was without jurisdiction to entertain the petition, but, on motion of the petitioner, the plea in abatement was "stricken" because, in the opinion of the Court, it was "not good and sufficient in law."

The defendant then demurred to the petition, but the demurrer was overruled by the Court.

No error is assigned in this Court upon the action of the Trial Court in "striking" the plea in abatement or in overruling the demurrer; hence these rulings need not be further mentioned herein.

The defendant, A. J. Dawson, filed an answer to the petition in which he admitted the allegations of the petition with respect to the proceedings and decree in the divorce suit, and admitted that a child was born to the petitioner on the date set forth in the petition, but he stated that he was not advised as to what the doctors' bills were, and he "emphatically" denied that he is "liable in any manner for said doctors' bills, medical bills etc."

Defendant further denied, in his answer, that the petitioner is entitled to have a judgment rendered against him for the sum of $15 per month, or any other sum, for the support and maintenance of said child. He denied that "he has willfully neglected to provide for said child, but would show to the Court that there is no responsibility

by law placed upon respondent to support and maintain said child under the facts and circumstances of this cause.''

Defendant then copied into his answer the aforesaid bond of October 23, 1937, for $1000, and that part of the aforesaid decree of August 8, 1938, whereby the Circuit Court adjudged that said ''contract and bond'' was ''a just and fair settlement'' of alimony, and ''ordered, adjudged and decreed that the complainant have and recover of the defendant, A. J. Dawson, on said bond the sum of One Thousand Dollars in full settlement of all claims of alimony for herself;'' and defendant alleged that ''the complainant having elected to sue upon said bond and judgment having been entered on said bond ratifying the same, that said hearing and judgment thereon was a final judgment and that said cause has been finally determined by a court of competent jurisdiction and all controversies between complainant and respondent were finally adjudged and determined under said judgment.''

Aside from repetitions of the denials aforestated, and a general denial of all allegations in the petition not specifically admitted or denied in his answer, the remainder of defendant's answer to the petition is as follows:

''Respondent would further show to the Court that prior to the filing of the original bill in this cause that the petitioner filed two other bills that respondent was forced by compromise and otherwise to pay certain attorneys' fees and under the judgment of this Court to pay the sum of One Thousand Dollars, making a total of approximately $1400; that at the time he paid said monies he was worth in property, both real and personal, if reduced to cash valuation at that time, less than one-half of the sums he was forced to pay out, that for and on account of having to pay said monies complainant was forced to execute certain mortgages on certain personal property that he owned and on a certain remainder in trust that he owned in real estate; that said mortgages are now outstanding and unpaid and that said indebtedness against respondent is clearly in excess of any equities that he owns in any property, real or personal or otherwise.''

The judgment or decree of the Court on the hearing below was entered as follows:

''This cause coming on further to be heard upon said petition, answer thereto, the entire record, oral testimony and argument of counsel for the respective parties and upon due consideration thereof the Court finds and holds that the petition is and should be sustained, and that the sum of $20.00 per month is fair and reasonable for the support and maintenance of defendant's minor child and that said child is now in the custody of the petitioner and that she is entitled to the custody of said child.

''The Court further find that the defendant has not provided for said child in any way since its birth, that the petitioner's doctor's

bills at the time of the birth of the child and treatment and medical attention thereafter was the sum of $53.00 and that it is just and right that the same be paid by the defendant.

''It is therefore the judgment of the Court that the petitioner Effie Dawson have and recover of the defendant, A. J. Dawson, the sum of $53.00, being the amount expended by petitioner for doctor's bills, medical expenses, etc., in connection with the birth of said child, that she have and recover of the defendant A. J. Dawson the sum of $20.00 per month for the support and maintenance of said minor child and the cost of this cause, for all of which the Clerk will let execution issue.

''The defendant A. J. Dawson is hereby directed to pay said recovery of $20.00 per month into the Circuit Court Clerk of Smith County, Tennessee, beginning May, 1939, and that said monies be paid in not later than the 10th. of said month and that he pay said monthly sums to the Clerk each month thereafter not later than the 10th. day of each month and when said funds are so paid to the Clerk, the Clerk is directed to pay the same to the petitioner, Mrs. Effie Dawson, for the support and maintenance of said child, and this cause is retained in Court as provided by law to make any future order with respect thereto on application of either party. To which action of the Court in entering the aforesaid judgment the defendant A. J. Dawson excepts.''

The appellant has assigned errors in this Court, numbered 1 to 6, both inclusive. Through his first, second and third assignments he asserts, in substance, that the findings, holdings and judgment of the Trial Court cannot be sustained because (1) there is no evidence to support them; (2) they are not sustained by the weight of the evidence, and (3) the evidence overwhelmingly preponderates against them and in favor of the rights of the defendant.

The fourth assignment is that, ''the Court erred in rendering judgment against defendant in favor of petitioner to pay the sum of $53.00 for doctor's bills and medical expenses created by petitioner.''

The fifth assignment is that, ''The Court erred in adjudging against defendant the sum of $20.00 per month to be paid for the support and maintenance of said minor child because under the record the undisputed facts are that defendant heretofore under the original judgment pronounced in this cause paid to petitioner the sum of $1000.00, that in this cause and two preceding divorce suits he paid other costs, expenses and attorneys' fees, a total sum of all of which amounts to approximately the sum of $1500.00, and at the time said monies were so expended and paid out, all of said defendant's property, both real and personal, in which he owned an interest or equity, was worth less than $750.00, that in order to raise and pay said monies he was forced to mortgage all properties owned by him and to procure his mother to join in said mortgage and to be-

come liable for said monies which are now outstanding, and unpaid and a just liability against the defendant.''

And the sixth (and last) assignment is that, ''The Court erred in rendering said judgment on the further ground that the same is excessive, unwarranted and such a judgment that cannot be complied with by the defendant as shown by the evidence heard on the trial of this cause.''

In addition to the statements in the fourth, fifth and sixth assignments of error, supra, the gist of the appellant's contentions is embraced in an excerpt from the brief of his counsel as follows:

''Defendant most respectfully insists that under the original decree or judgment in this cause that said judgment was a finality to any amount or claim that the Petitioner might have against him, and that he owed her no legal duty after having complied with said judgment, to pay her doctor's bills or to be responsible for upkeep or care in any way thereafter. That the Court was in error in rendering judgment against him for the payment of $53.00 for her doctor's bills, medical expenses, etc.

''Defendant most respectfully insists that under all the facts and circumstances that petitioner's petition filed in this cause under which the aforesaid judgment was made and entered should not have been sustained, that the same should have been dismissed and disallowed and that she should have been ordered to support and maintain said child from the monies and properties that she obtained from defendant under the original judgment.

''Defendant calls your Honor's attention to the fact that the Court in his findings of fact found that the sum of $20.00 per month was fair and reasonable for the support and maintenance of said child, but the Court did not find that the defendant possessed any property, that he had an earning capacity or that he was able and could pay said sum. In fact there is no evidence in the record to show that defendant could pay said monthly payments or in any manner comply with said judgment. In fact, from this record it clearly appears that he cannot pay such monthly sums. However, the record clearly shows that unless defendant can in some way assist in the liquidation of the $1250.00 secured by the mortgage in which his mother joined in for the purpose of procuring the monies paid to petitioner, that her properties will be sold for the satisfaction of said monies.''

██ We are of the opinion that, in view of the reservations in the judgment or decree of August 8, 1938, and the retention, by that decree, of the cause in the Circuit Court for such further orders and decrees as might be thereafter found necessary or proper with respect to the matters reserved, the Court had jurisdiction and power to entertain the petition and adjudicate the issues made by the petition and defendant's answer thereto. In this respect, the instant case seems to fall directly within the terms of Section 8446 of the Code of

1932, which provides that, "Whether the marriage be dissolved absolutely, or a perpetual or temporary separation be decreed, the court may make an order and decree for the suitable support and maintenance of the complainant and her children, or any of them, by the husband, or out of his property, according to the nature of the case and the circumstances of the parties, the order or decree to remain in the court's control; and, on application of either party, the court may decree an increase or decrease of such allowance on cause being shown."

Independent of the above quoted Code Section (8446), it would seem that the authorities support the power of the Circuit Court to make a decree in the instant case requiring the appellant to provide for the support and maintenance of the infant child of the parties. "The primary duty to support the children of a marriage is upon the husband." 17 Am. Jur., page 527, section 692.

"A child born after a divorce, for which no provision is made in the decree, is entitled to support and maintenance by its father." 17 Am. Juris., page 530, section 694.

"A decree of divorce which makes no provision for the support of the children may be reopened to provide for their support." 17 Am. Juris., page 485, section 634; Schouler on Marriage, Divorce, Separation and Domestic Relations (6 Ed.), vol. 2, page 2053, section 1910.

"The settlement by the parties of their property interests prior to the divorce does not deprive the Court of its right to enforce payments for the children." 2 Schouler, supra, page 2051, section 1907.

But we think this question is concluded by the Code Section cited (8446), and there is no occasion to dwell on other authorities.

Mrs. Effie Dawson, the petitioner, testified that she had paid out $53 for doctor's bills, $20 of which was paid to the doctor who attended her at the birth of her baby, and the remainder ($33) had been paid to doctors for treatment of that baby—that the baby had been sick "most of its life." This testimony of petitioner is undisputed, and supports the judgment of the Circuit Court against appellant from $53 in favor of petitioner and the award of execution therefor. "The liability of a husband to his divorced wife in respect of the support of their children is the same as to any third person. Unless modified by the decree of divorce, it is well recognized that he may be liable to her for the maintenance of their children while they live with her." 17 Am. Juris. page 527, section 692.

Where a divorce is granted at the suit of the wife, she may maintain an action against the divorced husband to recover for reasonable expenses incurred by her in the support and maintenance of their minor children in her custody. Evans v. Evans, 125 Tenn., 112, 140 S. W., 745, Ann. Cas., 1913C, 294; 17 Am. Juris., page 528, section 693.

Petitioner alleged in her petition that $15 per month would be "a reasonable allowance" to be paid by the defendant for the maintenance and support of her said child. In the course of her testimony at the trial, she was asked and answered as follows:

"Q. What would you be content to have the defendant pay for this child? A. As it grows older it will cost more, I will be willing · now to accept $15.00.

"Q. What do you think would be a reasonable amount? A. $15.00 per month."

Nothwithstanding the averments and testimony of the petitioner, as above stated, the learned Trial Judge ordered that the defendant pay the sum of $20 per month for the support of his said child. Without intending to hold that the Court would have been limited to the sum thus stated by petitioner if there had been other proof from which it satisfactorily appeared that petitioner was mistaken in her estimate of the probable expense of maintaining the child, we are of the opinion that there is no such proof in this record. On this point three witnesses, Allen Gore, Frank Neal and Tom Neal, testified as witnesses for petitioner.

Allen Gore testified that he had "raised a family of his own" and knew something of the price of food and clothing. He was asked, "Q. What do you think would be reasonable, fair, and just amount of money per month to support an infant baby of this age" (4 or 5 months old)? and he replied, "I am not a good hand on that but I would think somewhere between $15.00 and $20.00 per month."

Frank Neal testified that he had one child and "knows something about the price of food and clothing and the maintenance of a child." He was asked and answered as follows:

"Q. You have heard the testimony of Mrs. Dawson? A. Yes.

"Q. Taking into consideration that she is furnishing a home and food for said baby and taking into consideration that it is partly a bottle-fed baby, what in your judgment would you say would be a reasonable just amount per month for this child? A. I would think it would be between $15.00 or $20.00, at times that would be more than necessary and at times not sufficient."

Tom Neal testified that he "has no children," but, he said, "I keep house . . ." and have "a fair knowledge . . . of the costs of food and clothing and other items necessary to provide for the support and maintenance of a child." He was asked and answered as follows:

"Q. If Mrs. Dawson has a baby that was born November 21, 1938, that has not been a healthy child, been sick and required medical attention and is partly a bottle baby now, what do you think would be a reasonable, fair and just allowance or amount necessary to support that child with clothing, fuel and home and things necessary to support it? A. $15.00 to $25.00 a month."

■ It is a matter of common knowledge that expenditures for the support and maintenance of children in different homes vary widely. As stated by the witness Tom Neal, "it depends on how a man manages as to how much it costs him." The petitioner had been caring for her baby since its birth (a period of nearly five months), and she was in a position to know, and, so far as we can see, did know, more about the necessary cost of its maintenance and support than either of the three other witnesses who testified to their estimates of such probable costs.

■ We think the sum to be paid monthly by the appellant should have been fixed at $15 per month, instead of $20 per month, and to this extent (and to this extent only) the appellant's sixth assignment of error, asserting that the judgment is excessive, is sustained.

It is insisted for appellant that the judgment of the Circuit Court is erroneous for the reason that all the property owned by appellant (consisting of a remainder interest in a farm and some personalty) is mortgaged for approximately twice its value, and that, therefore, appellant is without property from which to realize money to comply with the judgment of the Court in this case.

The facts upon which the contention just stated is predicated are sustained by the evidence, but this does not afford a sufficient defense to the relief sought by the petitioner.

■■ The liability of a father to his divorced wife for sums paid by her after the divorce and without a judgment of court, for the support of a minor child of the parties, stands substantially upon the same footing as the liability of the father to· a third person for necessaries furnished to the child (17 Am. Juris., pages 527, 528, sections 692, 693) ; hence the judgment for $53 in favor of petitioner and against the defendant below, and the judgment for costs, are enforceable only by execution as for debt, and the insolvency of the debtor is not a defense in such case, although it may be an element to be considered by the Court in determining whether the claimed expenditures were reasonable and necessary.

■ ■ On this record, the fact that the property of appellant is mortgaged to secure a sum twice its value does not afford a sufficient reason to relieve the appellant of the duty to support his minor child. The record shows that the appellant is an "ablebodied" young man, and there is no suggestion on the record that he is lacking in intelligence. He testified at some length concerning the amount and value of his property and the encumbrances thereon, but he made no statement in his testimony with reference to his earning capacity . It does not appear that he lacks the capacity and opportunity to earn a sufficient sum to make a monthly payment of $15 for the support of his child, if he makes a reasonable effort to do so. The burden was on him to show his inability to make such payments (Clark v. Clark, 152 Tenn., 431, 440, 278 S. W., 65), and he has not discharged this burden.

It results that appellant's assignments of error are overruled, except that the sixth assignment is sustained to the extent hereinbefore indicated. The judgment of the Circuit Court will be modified by reducing the monthly payments, to be made by appellant for the support of his minor child, from $20 to $15, and in all other respects the judgment of the Circuit Court is affirmed, and the cause will be remanded to the Circuit Court of Smith County, where execution may issue against defendant A. J. Dawson for the collection of the judgment of $53, with interest thereon from the date of the judgment below (April 10, 1939), and for the costs of the cause accrued below. The cause will, as ordered by the Circuit Court, be retained on the docket of that Court for any future orders with respect to the support and maintenance of said child, Margaret Ann Dawson, on application of either party. The costs of the appeal will be adjudged against the appellee A. J. Dawson.

Crownover and Felts, JJ., concur.