**Gus Sanborn CURRIER, Jr., Appellant,**

**v.**

**Eloise Hearn CURRIER, Appellee.**

Supreme Court of Tennessee.

Feb. 19, 1974.

James C. Lee, Chattanooga, for appellant.

Jerry H. Summers, Chattanooga, for appellee.

## OPINION

FONES, Justice.

Gus S. Currier, Jr. will be referred to as appellant, and his former wife, Eloise H. Currier, will be referred to as appellee.

Appellant was granted a divorce from his wife on the 15th day of December, 1969. The terms of a property settlement agreement between the parties was incorporated in the decree. One of the provisions required the payment of $600.00 per month, as alimony. On May 2, 1973, appellee filed a petition seeking an increase in periodic alimony. Appellant filed an answer and cross-petition, relying for the first time on T.C.A. § 36–826, that provides, inter alia, where the husband obtains the divorce, the wife shall not be entitled to alimony. The trial judge held that, as a matter of law, appellant was estopped from relying on said Code section. Appellee having moved for a dismissal of her own petition for increase in alimony, it was so ordered by the court. The court further ordered that appellant continue to pay alimony as provided by the property settlement agreement incorporated into the final decree of December 15, 1969.

Appellant perfected a direct appeal to this Court, challenging the ruling of the trial judge that T.C.A. § 36–826 cannot be relied upon by the husband under the circumstances of this case.

Appellant cites no authority to sustain his position and asserts that the only reported case having any bearing on the issue is Barber v. Barber, 28 Tenn.App. 559, 192 S.W.2d 79 (1945). It is argued, first, that the holding in *Barber* that the husband was estopped from relying upon the benefit of said section was dicta and, second, that it is distinguishable from the case sub judice because the Barbers had no children and lump sum alimony, rather than periodic alimony, was involved.

The final decree of divorce provided, inter alia:

"3) That the Property Settlement Agreement entered into between the parties dated December 11, 1969, shall be and is hereby approved by the Court, and made a part of this Decree and pursuant thereto:

(A) Petitioner shall pay to the defendant the sum of Six Hundred Dollars ($600) per month as alimony. Said sum shall be payable in equal monthly installments of $300, with the first payment being due on December 15, 1969, and succeeding payments on the first and fifteenth day of each and every month thereafter. All payments shall be made through the registry of this Court.

(B) So long as the petitioner makes the payments herein required, the defendant shall have the sole and exclusive obligation of support and maintenance of the minor children of the parties, and defendant shall be entitled to claim said three minor children as her dependents for purposes of Federal income tax.

.    .    .    .    .    .

(D) As each minor child of the parties becomes of age, becomes gainfully employed on a full time basis, or leaves the home maintained by defendant, and/or ceases to be supported by defendant (whichever occurs first), petitioner shall be entitled to an automatic reduc-

tion in alimony payments required herein in the amount of Sixty Five Dollars ($65) per month.

4) That at such time as the youngest child of the parties shall attain the age of twenty-one (21) years, leaves home, or becomes self-supporting, whichever shall first occur, either petitioner or defendant may apply to the Court for a hearing to determine all questions in reference to:

(A) Defendant's needs as to continued periodic alimony.

(B) Petitioner's ability to pay periodic alimony.

(C) The amount of continued periodic alimony which petitioner shall be required to pay to defendant."

The affirmative thrust of appellant's position is that he did not invoke the shield of T.C.A. § 36–826 because of Federal income tax considerations which would have left less after-tax-dollars available for disbursal among the family group; "that, . . . where minor children require support at the time the divorce is granted, the husband should not be deprived of the right to assert the statutory shield against continued alimony, once the minor children have become of age and self-sufficient." Such a position is untenable.

The appellant entered into a property settlement agreement with his wife, wherein he deliberately elected to describe as alimony what he now says was child support. He petitioned the court to be a party to that erroneous description, to serve his needs of the moment. His children having attained their majority, he seeks to invoke the bar of a statute which he, in law, knowingly waived at the trial of his divorce action. He does not ask the Court for relief under paragraphs 4(A), (B) or (C) of the agreement approved by the court, but rather that the court void the obligation.

It is true that there are distinctions between *Barber*, supra, and the instant case. At the conclusion of the trial both parties were granted a divorce and the wife was awarded certain personal property "as part alimony". After a reference to determine husband's financial holdings, the Court awarded wife all of husband's interest in real estate. On a motion for new trial, husband asserted for the first time the bar of Code Section 8449, now T.C.A. § 36–826. As the Court pointed out, the divorce decree seemed to settle her right to alimony and by the time the bar of said Code section was raised, wife had lost the right to have the evidence reviewed, since it was not preserved by bill of exceptions.

Aware of the factual distinction between the cases, we adopt the following from the opinion of Judge McAmis in *Barber* as applicable and dispositive of the case sub judice:

"(3) Evidently to meet the holdings of some courts that, under the common law, the wife may in some cases be entitled to alimony notwithstanding the husband is granted a divorce for the misconduct of the wife, it is provided by statute in this State that if the husband obtains a divorce the wife is not entitled to alimony. Code, Section 8449. . . . He can invoke it or not as he chooses but he should seasonably assert his rights. . . .

(4) . . . We hold that as a matter of simple justice and upon principles of estoppel the contention that alimony should not be allowed because the husband was . . . granted a divorce comes too late and may not be sustained. . . ."

Although neither party cites Brown v. Brown, 198 Tenn. 600, 281 S.W.2d 492 (1955), we have given careful consideration to that opinion in arriving at our decision in this case. We find no conflict be-

tween our holding herein and *Brown*, supra.

The ruling of the trial court is sustained. The costs are adjudged against the appellant.

DYER, C. J., CHATTIN, and McCANLESS, JJ., and LEECH, Special Judge, concur.